**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAY 13 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.    18-50417 |
| Plaintiff-Appellee, | D.C. No. |
| v. | 3:17-cr-03938-JLS-1 |
| GILBERT CARRASCO, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Janis L. Sammartino, District Judge, Presiding

Submitted May 8, 2020**
Pasadena, California

Before:  MURGUIA and CHRISTEN, Circuit Judges, and STEIN,*** District
Judge.

Following a jury trial, Gilbert Carrasco was convicted of one count of

possession with intent to distribute over 500 grams of methamphetamine in

---

\*        This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*        The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

\*\*\*        The Honorable Sidney H. Stein, United States District Judge for the
Southern District of New York, sitting by designation.

violation of 21 U.S.C. § 841(a)(1). On appeal, he challenges the constitutionality of the permanent Border Patrol checkpoint, the sufficiency of evidence supporting his conviction, and the admission of statements he made in secondary inspection. We affirm.

1.    The district court did not err in upholding the constitutionality of the Highway 111 Border Patrol checkpoint. Ordinarily, "a search or seizure is unreasonable unless it rests on individualized suspicion of wrongdoing." *United States v. Soto-Zuniga*, 837 F.3d 992, 998–99 (9th Cir. 2016). However, individualized suspicion is not necessary "where a program is designed to serve 'special needs, beyond the normal need for law enforcement.'" *United States v. Fraire*, 575 F.3d 929, 931–32 (9th Cir. 2009) (quoting *City of Indianapolis v. Edmond*, 531 U.S. 32, 37 (2000)). A permanent checkpoint created for the primary purpose of immigration control serves a special need. *See Soto-Zuniga*, 837 F.3d at 999 (citing *United States v. Martinez-Fuerte*, 428 U.S. 543, 556 (1976)). A district court's determination of the primary purpose of a checkpoint is reviewed for clear error. *See United States v. Faulkner*, 450 F.3d 466, 470 (9th Cir. 2006).

Here, the district court reviewed extensive testimony and agency documents[1]

---

[1] Carrasco filed an unopposed motion to take judicial notice (Dkt. 19) of transcripts of testimony and the district court's ruling in a case addressing a nearby permanent Border Patrol checkpoint, a printout of a page from the U.S. Customs and Border Patrol website, and the oral testimony of Border Patrol Chief Mark Morgan. Each

2

that consistently emphasized that the primary purpose of the Highway 111 Border Patrol checkpoint was "to restrict the routes of egress from the border area and thereby create deterrence to the initial illegal entry." Although the agency may have had other goals in addition to its central mission of interdicting undocumented immigrants, we cannot conclude that the district court clearly erred in determining that the primary purpose of the Highway 111 checkpoint was to intercept undocumented immigrants, rather than to advance a general interest in crime control.

2.      There was sufficient evidence to convict Carrasco. In considering a challenge to the sufficiency of the evidence, we "construe the evidence 'in the light most favorable to the prosecution,' and only then determine whether '*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *United States v. Nevils*, 598 F.3d 1158, 1161 (9th Cir. 2010) (en banc) (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)). Although we review de novo, "our evaluation remains deferential and accords respect to the jury's role 'as weigher of the evidence.'" *United States v. Moe*, 781 F.3d 1120, 1124 (9th Cir. 2015) (quoting *Jackson*, 443 U.S. at 319).

Viewing the evidence in the light most favorable to the prosecution, a

---

is a proper subject of judicial notice. *See* Fed. R. Evid. 201(b). We grant the motion.

rational juror was entitled to find beyond a reasonable doubt that the packages contained methamphetamine and that the methamphetamine weighed more than 500 grams. Agents removed the substance taped to Carrasco's legs and found that it tested positive for methamphetamine. Before trial, a Drug Enforcement Agency (DEA) chemist again tested and weighed the substance and determined it contained 843 grams of methamphetamine. Although Carrasco argues that the packages seized at the checkpoint were not the same as those analyzed in the DEA lab, "[o]n the record as a whole . . . , there was sufficient other evidence to fill any gap in the chain of custody[.]" *United States v. Solorio*, 669 F.3d 943, 956 (9th Cir. 2012).

3.     Carrasco's detention in secondary inspection did not violate the Fourth Amendment. "At fixed Border Patrol checkpoints within the nation's interior, the government can send a motorist for a brief secondary inspection upon 'a minimal showing of suspicion' . . . ." *United States v. Thomas*, 726 F.3d 1086, 1095 (9th Cir. 2013) (quoting *United States v. Taylor*, 934 F.2d 218, 220–21 (9th Cir. 1991)). This low threshold was undoubtedly met here. The primary inspection agent described Carrasco's responses as "very brief . . . like he didn't want to talk" and his overall demeanor as "unusual." Furthermore, a drug-detection dog twice alerted to the scent of contraband. Accordingly, Carrasco's referral and subsequent detention in secondary inspection was not unlawful.

4.     We need not determine whether the statements Carrasco made in

secondary inspection were admitted in violation of *Miranda*, because "[e]ven without the statements . . . , the evidence of guilt was overwhelming." *United States v. Butler*, 249 F.3d 1094, 1101 (9th Cir. 2001). A Border Patrol agent testified that *after* Carrasco was arrested and given his *Miranda* warnings, Carrasco admitted that he was hired to transport drugs. And, as already noted, the packages removed from Carrasco's legs were twice tested and determined to contain methamphetamine. Accordingly, based on the compelling other evidence of guilt, any error was "harmless beyond a reasonable doubt." *United States v. Polanco*, 93 F.3d 555, 562–63 (9th Cir. 1996).

**AFFIRMED.**